UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DAVID RENTSCH,

    Plaintiff,                      Case No. 18-12491

v.                                    Honorable Thomas L. Ludington
                                       Magistrate Judge Elizabeth A. Stafford

ERIC HERBERT and
ROBERT ARTMAN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 17]**

**I.    INTRODUCTION**

Plaintiff David Rentsch, a prisoner proceeding *pro se*, filed a complaint against the Defendant Eric Herbert and Robert Artman, correction officers at the Macomb Correctional Facility. [ECF No. 1]. Rentsch alleges that defendants used excessive force in tasering him in his cell after he overdosed on heroin. [*Id.*]. Defendants move for summary judgment, and Rentsch has responded. [ECF No. 17; ECF No. 22; ECF No. 24]. The Court **RECOMMENDS** that defendants' motion be **GRANTED** and that Rentsch's claims be **DISMISSED**.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Rentsch alleges "excessive force" from defendants' three uses of a Taser stun gun on him after he overdosed and was unresponsive in his cell on April 1, 2015.  According to the complaint, Rentsch was first tasered when he was face down on the floor of his cell, was stunned again on the floor with his hands behind his back and once more when he was handcuffed, in a wheelchair and "was no threat to any one what so ever [*sic*]." [ECF No. 4, PageID.40].  Rentsch claims he sustained a shoulder injury and suffers from nightmares and mental anguish from this altercation. [*Id.*].

Rentsch first filed his Step I grievance on July 13, 2016, more than 15 months after the incident.  [ECF No. 17-3, PageID.123].  That grievance was rejected as untimely, and that rejection was upheld at Steps II and III. [ECF No. 17-3, PageID.120, 122, 124].  Rentsch filed this action on July 23, 2018.  [ECF No. 1, 4].  Defendants assert that they are entitled to summary judgment on Rentsch's claim because he filed it outside the three-year statute of limitations, and because he failed to exhaust his administrative remedies for his claim.  [ECF No. 17].  The Court agrees.

### III. ANALYSIS

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496

(6th Cir. 2009). A scintilla of evidence is also insufficient; "there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.

**B.**

Federal courts apply the forum state's statute of limitations for personal injury actions to § 1983 claims. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (citing Mich. Comp. Laws § 600.5805(10)). The parties seem to agree that Rentsch's claims are subject to the three-year statute of limitations. *See id.*; *see also, Bonga v. Abdellatif*, 2:16-CV-13685, 2017 WL 9802707, at *3 (E.D. Mich. Dec. 11, 2017), *adopted,* 2018 WL 1312403 (E.D. Mich. Mar. 14, 2018). But they disagree about when those claims accrued.

Although state law governs the length of the statute of limitations, federal law governs the accrual date. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Under § 1983, "the statute of limitations begins to run when the plaintiff knows or has reason to know that the act providing the basis of…[the] injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). In other words, courts "look to the event that should have alerted the typical lay person to protect his or her rights." *Id.* (internal quotations omitted); *see also*, *Peterson v. Ostrander*, 17-2160, 2018 WL

4

4739692, at *2 (6th Cir., Apr. 6, 2018). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Rentsch argues that his claim accrued not on April 1, 2015, when the defendants tasered him, but on or about June 24, 2016, when he viewed the video of the incident. He asserts that he was unconscious when he was tasered and was unaware of the defendants' conduct until his counsel, who was defending him against the possession charges stemming from the incident, showed him the video. This argument fails.

First, Rentsch provides no evidence that he was unconscious each time he was stunned with the taser. To the contrary, the records before the Court, including the ECD (Electronic Control Device) Usage Reports, uniformly describe Rentsch as becoming responsive before any application of the taser. [ECF No. 24-3, PageID.162, 165, 167, 179-180]. And although Rentsch alleged in a his grievance that he had been unaware of being tasered before viewing the video of the April 1, 2015 incident because he was unconscious from overdosing, [ECF No. 1-1, PageID.7], a letter written by his criminal defense attorney contradicts his claim of learning he was tasered only by watching the video. That letter notes, "David told me that he was stunned again*, after filming ended.*" [ECF No.

5

1-1, PageID.33 (emphasis added)]. Thus, the video was not the only source of Rentsch's knowledge of being tasered.

Besides, Rentsch's actual awareness of being tasered is not legally determinative. Any cause of action stemming from being tasered accrued the date of "the event that should have alerted the typical lay person to protect his or her rights." *Cooey*, 479 F.3d at 416. The April 1, 2015 overdose and its aftermath should have alerted Rentsch of the correction officers' actions, even if he was not initially aware he had been stunned.

The episode resulted in an escort to the infirmary and transport to the emergency room of a civilian hospital. [ECF No. 24-3, PageID.162-164]. According to Rentsch, he has suffered a "right shoulder disability" from the alleged excessive force used during the incident. [ECF No. 4, PageID.40]. The incident also led to a misconduct report, a guilty plea at a misconduct hearing for possession of dangerous contraband, and discipline, specifically loss of privileges and segregation. [ECF No. 24-2, PageID.157]. The matter was referred to the Michigan State Police and Rentsch was charged with felony possession of heroin in Macomb County Circuit Court. [ECF No. 1-1, PageID.20; ECF No. 24-3, PageID.163]. The dramatic fallout from this incident would have surely triggered questions in

6

a reasonably diligent person who was unaware of what happened in his cell that day.

Indeed, Rentsch would have easily discovered that he had been tasered had he exercised reasonable diligence in investigating the events leading to his hospitalization, discipline and additional criminal charges. In addition to the recorded video Rentsch did eventually view, the officers and prison staff involved generated a Critical Incident Participant Report. [ECF No. 24-3]. Defendants and three other assisting correction officers wrote statements and ECD Usage Reports that detailed the three taser deployments. [ECF No. 24-3, PageID.162-180]. And Rentsch's claim that he suffered a right shoulder disability from the alleged excessive force on April 1, 2015 shows that he knew or had reason to know that defendants used force against him that day and allegedly caused him injuries, thus triggering the accrual of his cause of action. *Cooey*, 479 F.3d at 412. Because Rentsch's complaint was filed after April 1, 2018, his claims are barred unless the statute of limitation should be equitably tolled.

## C.

Rentsch argues that even if his claims accrued more than three years before he filed his complaint, the Court should equitably toll the statute of limitations. In support, he cites an opinion that addressed the deadline for

7

filing a federal habeas corpus action. [ECF No. 22, PageID.135, citing *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 731 (N.D. Ohio 2009)]. Defendants argue that equitable tolling does not apply, also relying on federal law about equitable tolling. [ECF No. 24, PageID.148, citing *Zappone v. U.S.*, 870 F.3d 551, 556–57 (6th Cir. 2017)]. The Court agrees with defendants that equitable tolling does not apply here, but the rules regarding equitable tolling for § 1983 cases are taken from state law. *Kucharski v. Leveille*, 526 F.Supp.2d 768, 771 (E.D.Mich. 2007).

> Michigan recognizes the doctrine of equitable tolling, and that a plaintiff may obtain relief from a statute of limitations thereunder if the delay in filing is the product of an understandable confusion about the legal nature of her claim, that confusion is created by the courts themselves, and the delay does not result simply from the plaintiff's lack of diligence. Moreover, where a specific statute controlling the period of limitation is found to abrogate the common law, courts must resort to the statutory tolling rules.

*Id.* at 772–73 (internal citations and quotation marks omitted). Michigan law applies equitable tolling only in limited and extraordinary circumstances. *Siner v. City of Detroit*, 15-cv-13532, 2017 WL 3434085, at *3 (E.D.Mich. Aug. 10, 2017).

This case does not qualify for equitable tolling under either Michigan statutory or common law. It presents none of the qualifying factors under

8

either M.C.L. §§ 600.5855[1] or 600.5856.[2] Rentsch does not assert that defendants tried to conceal their conduct, or that he was confused about the legal nature of his claim. *See id.* He has presented no evidence that the courts created any possible confusion. Instead, the delay at issue arises solely from Rentsch's lack of diligence in investigating the significant events of April 1, 2015. These entirely ordinary circumstances do not warrant equitable tolling.

### D.

Even if Rentsch's claims were not barred by the statute of limitations, they should be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v.*

---

[1] Section 600.5855 applies when there here been fraudulent concealment of a claim or the identity of a person liable.

[2] Under Section 600.5856, "The statutes of limitations or repose are tolled in any of the following circumstances: (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules; (b) At the time jurisdiction over the defendant is otherwise acquired; (c) At the time notice is given in compliance with the applicable notice period under section 2912b,1 if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given."

*Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record.  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 549 U.S. at 218.

In the Michigan Department of Corrections (MDOC), a prisoner must attempt to informally resolve the problem with the allegedly offending staff within two business days of becoming aware of the grievable issue. MDOC Policy Directive 03.02.130, ¶ Q (effective July 9, 2007).[3]  A Step I grievance addressing any unresolved issues must be filed within five days of that informal effort.  *Id.*  Here, the MDOC rejected as untimely Rentsch's grievance against defendants, filed more than 15 months after the incident. [ECF No. 17-3, PageID.124].  And even if Rentsch did not become aware

---

[3] *See* https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf (last viewed on October 11, 2019)

of his potential claim until June 24, 2016, as he alleges, his July 13, 2016 Step I grievance would have been too late under the MDOC's Policies Directive. Rentsch thus failed to properly exhaust his administrative remedies and his claims should be dismissed. *See Woodford*, 548 U.S. at 83.

## II. CONCLUSION

Defendants' motion for summary judgment [ECF No. 17] should be **GRANTED** and Rentsch's complaint should be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 16, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that

party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 16, 2019.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager