UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID K. RENTSCH,

          Plaintiff,

v                                     Case No. 18-12491
                                     Honorable Thomas L. Ludington

ERIC HERBERT, ROBERT ARTMAN,      Magistrate Judge Elizabeth A. Stafford

          Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING COMPLAINT**

On July 18, 2018, Plaintiff David K. Rentsch filed a complaint against Defendants Eric

Herbert and Robert Artman. ECF No. 1. Defendants are correctional officers at the Macomb

Correctional Facility. Plaintiff alleged that while he was incarcerated, Defendants used excessive

force in tasering him after Plaintiff had overdosed on heroin.

All pretrial matters were referred to Magistrate Judge Elizabeth A. Stafford. ECF No. 6.

On May 24, 2019, Defendants filed a motion for summary judgment. ECF No. 17. Magistrate

Judge Stafford subsequently issued a report recommending that Defendants' motion be granted.

ECF No. 25. Plaintiff objected to her recommendation. ECF No. 31.

For the following reasons, Plaintiff's objections will be overruled.

**I.**

Neither party has objected to Magistrate Judge Stafford's summary of the facts, which

provides:

> Rentsch alleges "excessive force" from defendants' three uses of a Taser stun gun
> on him after he overdosed and was unresponsive in his cell on April 1, 2015.
> According to the complaint, Rentsch was first tasered when he was face down on
> the floor of his cell, was stunned again on the floor with his hands behind his back
> and once more when he was handcuffed, in a wheelchair and "was no threat to any

one what so ever [*sic*]." [ECF No. 4, PageID.40]. Rentsch claims he sustained a shoulder injury and suffers from nightmares and mental anguish from this altercation. [*Id.*].

Rentsch first filed his Step I grievance on July 13, 2016, more than 15 months after the incident. [ECF No. 17-3, PageID.123]. That grievance was rejected as untimely, and that rejection was upheld at Steps II and III. [ECF No. 17-3, PageID.120, 122, 124]. Rentsch filed this action on July 23, 2018. [ECF No. 1, 4].

ECF No. 25 at PageID.185.

Magistrate Judge Stafford recommended granting Defendants' motion for summary judgment because Plaintiff filed his claim outside the three-year statute of limitations. *Id.* She further determined that "[e]ven if Rentsch's claims were not barred by the statute of limitations, they should be dismissed because he failed to exhaust his administrative remedies." *Id.* at PageID.192.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those

portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff's first objection is that Magistrate Judge Stafford should have construed his pleadings liberally pursuant to *Haines v. Kerner* and found that the complaint was within the statute of limitations. 404 U.S. 519 (1972). Though *Haines* requires a court to construe pro se pleadings liberally, it does not require the court to turn a blind eye to defects that implicate fundamental principles of law, such as statutes of limitation. Courts routinely deny pro se claims on the basis that they were filed outside the statute of limitations. *See, e.g., Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming the dismissal of a pro se applicant's "claims arising out of his incarceration…inasmuch as any such claim is barred by the applicable statute of limitations."); *Beach v. State of Ohio*, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003) (affirming the dismissal of a pro se applicant's "complaint as untimely under the applicable statute of limitations."). Accordingly, Plaintiff's first objection will be overruled.

Plaintiff's second objection is that Magistrate Judge Stafford erred when she determined that Plaintiff did not fully exhaust his administrative remedies. ECF No. 31 at PageID.217-219. However, as explained above, Plaintiff filed his complaint outside the statute of limitations. Accordingly, it is not relevant whether he exhausted his administrative remedies because his complaint is time-barred. Plaintiff's second objection will be overruled.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 31, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 25, is **ADOPTED**.

It is further **ORDERED** that Defendants' motion for summary judgment, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.

Dated: March 18, 2020                                   s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **David K. Rentsch** #275408, MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, NEW HAVEN, MI 48048 by first class U.S. mail on March 18, 2020.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager